**Lonnie Joe CARTER, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

Nov. 12, 1982.

Jack E. Farley, Public Advocate, M. Gail Robinson, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., R. Thomas Carter, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, HOGGE and VANCE, JJ.

COOPER, Judge.

This is an appeal from an order of the trial court overruling the appellant's *pro se* motion, made pursuant to CR 60.02, challenging a 1973 guilty plea to a charge of storehouse breaking, as well as a guilty plea entered in 1977 to a charge of knowingly receiving stolen property. On appeal, the issues are: (1) whether the trial court erred in overruling the appellant's motion to vacate such judgments given the fact that his pleas of guilty were not entered voluntarily, knowingly, and intelligently; and (2) whether the trial judge committed reversible error in refusing to disqualify himself given the language of KRS 26A.015(2)(b). On review, we reverse and remand.

The facts giving rise to this action are as follows: In 1973, the appellant, Lonnie Joe Carter, was indicted on two counts of storehouse breaking. On October 9, he entered a plea of guilty to one count. Judgment was entered against him imposing a three-year sentence. In 1977, the appellant was indicted for knowingly receiving stolen property worth more than $100, and for being a persistent felony offender. He pleaded guilty to the indictment charging him with

knowingly receiving stolen property. The charge of being a persistent felony offender was dismissed. In May of 1977, a final judgment was entered sentencing him to five years imprisonment.

On February 26, 1981, the appellant filed a *pro se* motion, challenging the validity of the guilty pleas he had entered in 1973 and 1977. CR 60.02. Specifically, he alleged that neither plea was voluntarily, knowingly, or intelligently entered, and requested an evidentiary hearing. On August 5, 1981, the trial judge, Honorable J. Thomas Soyars, entered an order overruling the appellant's motion, without an evidentiary hearing. The appellant then filed a *pro se* motion for a new trial, challenging the trial judge's ruling on the ground that he was an assistant prosecutor at the time the indictments were issued and thus had a conflict of interest. Again, he requested an evidentiary hearing. The trial judge overruled said motion. It is from this order that the appellant now appeals.

CR 60.02 states, in part, as follows:

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds:

(a) mistake, inadvertence, surprise or excusable neglect;

(b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02;

(c) perjury or falsified evidence . . . or

(f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c), not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this Rule does not affect the finality of a judgment or suspend its operation.

Although the appellant argues that his pleas of guilty were not entered voluntarily or intelligently, it is questionable whether his CR 60.02 motion was timely filed. A motion to set aside a judgment on the basis of any reason of an extraordinary nature must be "made within a reasonable time . . ." Here, the appellant is attempting to attack judgments which were entered in 1973 and 1977. And, to secure relief under CR 60.02(f), extraordinary circumstances must be shown to exist. Again, it is questionable whether such extraordinary circumstances exist. *See Lewallen v. Commonwealth,* Ky.App., 584 S.W.2d 748 (1979).

Nevertheless, the trial judge committed reversible error in not disqualifying himself given the language of KRS 26A.015(2)(a), (b), which states as follows:

(2) Any justice or judge of the Court of Justice or master commissioner shall disqualify himself in any proceeding:

(a) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings, or has expressed an opinion concerning the merits of the proceeding;

(b) Where in private practice or government service he served as a lawyer or rendered a legal opinion in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter in controversy, or the judge, master commissioner or such lawyer has been a material witness concerning the matter in controversy . . .

It is undisputed that the trial judge was the Christian County Attorney when the appellant entered his pleas of guilty in 1973 and 1977. As such, he served as an assistant to the Commonwealth Attorney, who prosecuted the appellant. Although the appellee argues that the trial judge had little, if any, recollection of any involvement in the appellant's plea bargaining with the Commonwealth Attorney, the language of the statute is mandatory. Specifically, a trial judge shall disqualify himself if he has any personal bias or prejudice concerning the party involved, or was associated in practice with a lawyer involved in the controversy.

In *Small v. Commonwealth*, Ky.App., 617 S.W.2d 61 (1981), the Court of Appeals strictly construed the language of the statute. In ruling that the trial judge in question should have disqualified himself under the statute, the Court stated, in part, as follows:

> There is some discussion in appellee's brief of the unlikelihood of Judge Paxton remembering his role in appellant's earlier plea, but we feel this is irrelevant. Judge Paxton or someone in his office prepared the Judgment of Acceptance of Guilty Plea and Judge Paxton signed same... It seems to us reasonable to assume that Judge Paxton would remember a case in which his office reduced a *murder* charge to one of reckless homicide, said case occurring some seventeen months previously.
>
> Furthermore, KRS 26A.015(2)(b) provides that a judge shall disqualify himself in any proceeding in which he or she had previously served as a lawyer in the matter in controversy...

Here, the appellant's failure to file a motion requesting the trial judge to disqualify himself did not constitute a waiver of his rights under the statute. *See Small, supra* at p. 62. Furthermore, we find no merit in the argument that a trial judge is not required to disqualify himself if his ruling involves a question of law rather than a matter of discretion. KRS 26A.015 et seq. does not condition a judge's disqualification on the type of ruling involved. Consequently, although there is no hint in the record of any impropriety or bias on the part of Judge Soyars in ruling on the appellant's motion, the language of the statute required him to disqualify himself.

As such, the order of the trial judge overruling the appellant's CR 60.02 motion is reversed, with directions that this action be remanded to the Christian Circuit Court for a new hearing before a special judge. That judge must address the issue of whether the appellant's motion was made "within a reasonable time." CR 60.02(f).

All concur.