George Oliver SIZEMORE, Petitioner-Appellee,

v.

DISTRICT COURT, 50TH JUDICIAL DISTRICT, BOYLE COUNTY, KENTUCKY, Respondent-Appellant.

No. 83–5326.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 1, 1983.

Decided June 1, 1984.

David L. Armstrong, Atty. Gen. of Kentucky, Gerald Henry, Asst. Atty. Gen. (argued), Frankfort, Ky., for respondent-appellant.

Richard Clay (argued), Clay & Clay, Danville, Ky., for petitioner-appellee.

Before JONES and KRUPANSKY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

The Commonwealth of Kentucky appealed the judgment of the United States District Court for the Eastern District of Kentucky granting the petition of George Sizemore (Sizemore) for a writ of habeas corpus. 28 U.S.C. § 2254. Sizemore was indicted upon charges of driving while intoxicated and with a revoked license. K.R.S. § 189.520; § 186.620. Kentucky permits enhanced penalties upon conviction of driving while intoxicated following prior convictions on the same offense. K.R.S. § 189.-990(9)(a). The trial court during Sizemore's trial admitted, over objection, a copy of Sizemore's certified driving record incorporating three prior guilty pleas entered by Sizemore to charges of driving under the influence of alcohol. Sizemore's objection to such evidence was predicated upon the representation that the prior pleas were entered either without counsel and/or without knowledge that his constitutional rights were being waived, and were thus constitutionally infirm. The jury convicted Sizemore and imposed a sentence consistent with the enhanced penalty provision. Judgment was entered thereon and subsequently affirmed by the state appellate courts.

Sizemore's petition for a writ of habeas corpus advancing this and other assignments of error was referred to a United States Magistrate. Upon a motion by Sizemore for bail the Magistrate scheduled a hearing for September 13, 1982. It should be emphasized that the hearing of September 13 was upon defendant's motion for bail and not an evidentiary hearing on the sufficiency of his previously entered guilty pleas. At that hearing, however, without prior notice to the prosecutor, the Magistrate accepted, over protestation by the Commonwealth, evidence directed to the merits of the habeas corpus petition. Sizemore was permitted to testify and attested that his three prior guilty pleas were entered either without counsel or without knowledge of the waiver of constitutional rights. The Magistrate was informed by the Commonwealth that the underlying state proceedings were recorded on tape and that the recordings could be ordered and examined prior to proceeding with the evidentiary hearing as to the constitutional infirmities of the three earlier guilty pleas placed in issue by Sizemore or granting the petition for habeas corpus.

The Magistrate, ignoring the protestations of the Commonwealth, issued a report recommending that the district court grant the writ of habeas corpus. The Magistrate articulated that Sizemore had established, at the September 13, 1982 bond hearing, a *prima facie* case of constitutional infringement during each of his three prior plea proceedings and that the Commonwealth had then failed to "carry its burden of showing that the prior guilty pleas which were the basis of the petitioner's enhanced penalty were knowingly and voluntarily entered". It was observed that the Commonwealth "could have placed into evidence the tape recordings of the prior plea proceedings or some other form of records of the particular courts which accepted the pleas" to rebut Sizemore's *prima facie* case, but had failed to do so. The district court accepted and adopted the Magistrate's recommendation and ordered the Commonwealth to retry Sizemore within 60 days after which the writ "would become absolute". This appeal ensued.

It is well-settled that any court accepting a guilty plea must first ascertain that the defendant is fully cognizant of the fundamental constitutional guarantees which are waived upon entry of the plea. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[1] It is inherently prejudicial to admit a constitutionally infirm plea against a defendant at a subsequent trial on a new offense. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Accordingly, if Sizemore's prior three pleas were indeed constitutionally offensive then the writ must be granted.

Contemporary jurisprudence demands that the federal habeas court implement principles of comity and federalism when reviewing state convictions. *See, e.g.: Harless v. Anderson*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3057, 49 L.Ed.2d 1067 (1976). The federal habeas court is not Congressionally empowered to function as a direct appellate court. Rather the federal forum's scope of constitutional review and remedial powers, derived from Congressional authority, are stringently confined by principles of federalism. These principles are perhaps nowhere better evidenced than in 28 U.S.C. § 2254(d), as interpreted in *Sumner, supra*. State findings of fact are presumed correct unless the petitioner can demonstrate the existence of one of the eight enumerated exceptions to the general presumption of validity. However, when an evidentiary hearing is appropriate and/or it is incumbent upon the habeas court to make factual determinations, Congress has provided the federal forum with a wide panoply of procedural vehicles designed to achieve, to the extent possible, a full disclosure of all relevant and material evidence. *See, e.g.*, 28 U.S.C. §§ 2246, 2247; Rules 7 and 8, Rules Governing Section 2254 Cases. In particular, Rule 5, Rules Governing Section 2254 Cases, permits the habeas court in its discretion and, on its own motion if necessary, to order non-transcribed proceedings to be transcribed and furnished:

RULE 5. Answer; contents

The answer shall respond to the allegations of the petition. In addition it shall state whether the petitioner has exhausted his state remedies including any postconviction remedies available to him under the statutes or procedural rules of the state and including also his right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceeding. The answer shall indicate what transcripts (of pre-trial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and

---

**1.** Federal district courts must additionally adhere to the requirements of Federal Rule of

Criminal Procedure 11.

also what proceedings have been recorded and not transcribed. There shall be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If the petitioner appealed from the judgment or order in a post-conviction, proceeding, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by the respondent with the answer.

■ However, it is obvious that the mandatory language of Rule 5 places the burden upon the State, and not the federal forum, to identify any available transcripts and to attach all relevant sections thereof to its answer in support of its burden to establish that a defendant's plea was voluntary. In addition to the mandatory imposition which attaches to the State, Rule 5 accords discretionary authority to the district court to order such identification and presentation if warranted by the circumstances of the situation.

It is beyond peradventure that a habeas court, confronted with the constitutionality of a prior guilty plea, would significantly advance principles of comity and federalism by examining all evidence available relating to the constitutionality of the pleas. Indeed, in the seminal case of *Boykin v. Alabama*, 395 U.S. 238, 99 S.Ct. 1709, 23 L.Ed.2d 274 (1969) the Court proclaimed that the trial court, when accepting a plea, must "canvass the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences". 395 U.S. at 243–44, 89 S.Ct. at 1712. The purpose of such canvassing is not only to inform the defendant of the consequences of his plea, but also to provide a record for appellate review:

When the judge discharges that function, he leaves a record adequate for any review that may be later sought * * * and forestalls the spill-off of collateral proceedings that seek to probe murky memories.

395 U.S. at 244, 89 S.Ct. at 1712–13 (citations and footnotes omitted). Accordingly, *Boykin* contemplates that the trial judge will establish a record and that such record will be available to and examined by "any" reviewing court in the event that the constitutionality of the plea is later joined in issue. Indeed, this is the very procedure implicitly recognized by this Circuit in *Roddy v. Black*, 516 F.2d 1380 (6th Cir.1975), a habeas action similar to the one at bar where it was stated:

If the discussion between defendant and trial judge at the time of a plea's acceptance leaves doubt as to whether a plea was voluntary and intelligent, however, a defendant is not automatically entitled to a reversal of his conviction. Rather, in that circumstance if a defendant argues in a post-conviction proceeding that his plea was entered without his consent or without an understanding of the plea's nature and consequence, *Boykin* places a burden on the State to prove the contrary. A habeas court may not "presume a waiver of [a defendant's] federal rights from a silent record." 395 U.S. at 243, 89 S.Ct. at 1712. The State must prove that the defendant's guilty plea was voluntary and intelligent, and to do so it may introduce evidence extrinsic to the transcript of the plea's acceptance.

516 F.2d at 1384. The federal forum has universally embraced the practice of initially consulting the transcripts of all relevant state proceedings before resorting to evidentiary hearings, at which the petitioner typically testifies, only if necessary. *See Clayton v. Blackburn*, 578 F.2d 117 (5th Cir.1978) (no transcript available; evidentiary hearing with testimony by petitioner, trial judge and court reporter). *See also Marshall v. Lonberger*, 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983) (transcript of plea proceeding existed and was examined by the federal habeas court). It is

only when "a transcript is neither available *nor procurable*" that "a narrative summary of the evidence may be submitted."

Confronting the action at bar, it is observed that a tape recording memorialized Sizemore's underlying state trial, which may have contained evidence or testimony probative of the constitutionality of Sizemore's three guilty pleas in the prior proceeding. Further, the Magistrate's determination that the Commonwealth "could have placed into evidence the tape recordings of the prior plea proceedings or some other form of records of the particular *courts which accepted the pleas*" reflects a belief by the Magistrate that it was possible to procure the transcript of the prior plea proceedings. The transcript would have obviously provided the most probative evidence of the constitutionality of those pleas. Such evidence could have been made available pursuant to Rule 5, Rules Governing Section 2254 Cases. The Magistrate's conversion of the September 13, 1982 hearing on Sizemore's motion for bail into an evidentiary hearing without notice to the Commonwealth and thereby depriving the prosecution of the opportunity to secure and present the transcript of the previous hearings foreclosed the Commonwealth from complying with the Rule 5 mandate. The Magistrate erroneously converted the bail hearing to an evidentiary hearing, without prior notice to the state, which act effectively denied the state the opportunity to provide potentially probative sections of the transcript concerning Sizemore's prior guilty pleas. Accordingly, pursuant to the facts and circumstances peculiar to this case the district court erred in adopting the Magistrate's recommendation granting Sizemore's writ of habeas corpus.

■ The Commonwealth also assigns as error the Magistrate's granting of Sizemore's motion for bail. Upon Order of the Magistrate, Sizemore was immediately admitted to bail. This was before the Magistrate's report and recommendation was adopted and approved by the district court. Thus, Sizemore was admitted to bail prior to adjudication of his petition by an Article III court.

The parties have not identified, nor has research disclosed, any judicial or legislative pronouncement which would invest in a United States Magistrate the authority to admit a state prisoner to bail pending a determination of the merits of the prisoner's petition by an Article III court. In the absence of compelling authority, this court cannot countenance such an unwarranted practice. A *district* court may grant bail upon *granting* the writ. *See Woodcock v. Donnelly*, 470 F.2d 93 (1st Cir.1972); *Click v. Ohio*, 319 F.2d 855, 856 (6th Cir.1963) (dictum). The remaining assignments of error presented in Sizemore's petition are unsubstantial.

In accordance with the foregoing, the judgment of the district court is REVERSED and the cause is REMANDED for further proceedings consistent with this opinion. In all other respects the judgment of the district court is AFFIRMED.