**Thomas Milton GREER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 87–CA–399–MR.

Court of Appeals of Kentucky.

April 29, 1988.

William Edward Hartlage, John Douglas Hubbard, Fulton, Hubbard & Hubbard, Bardstown, for appellant.

Frederic J. Cowan, Atty. Gen., Vickie L. Wise, Asst. Atty. Gen., Frankfort, for appellee.

Before DYCHE, McDONALD and REYNOLDS, JJ.

McDONALD, Judge:

This appeal concerns the validity of a jury conviction and subsequent judgment finding Thomas M. Greer guilty of criminal facilitation of cultivating marijuana for the purpose of sale, a Class A misdemeanor. The jury fixed a sentence of 90 days to serve in jail and a $500 fine.

The facts which led to Greer's arrest reveal that the police were destroying a marijuana patch on property next to Greer's farm. A police pilot spotted marijuana on Greer's farm and relayed the information to the ground officers. Upon being confronted by the officers, Greer and a friend then assisted the police in destroying the patch. The next day, Greer, after being advised of his rights, gave a statement admitting that he let his field be used to grow marijuana because he was heavily in debt, facing foreclosure on his farm and bankruptcy. According to Greer and his

father, the police agreed to provide protection for naming the others involved and promised that things would go easier on Greer if he cooperated, so he did so.

■ Greer's first assignment of error states that the assistance of a juryman in the jury selection process for the Commonwealth constituted reversible error.

It was discovered that Detective Fletcher, a prosecuting witness, was also a member of the Nelson County jury panel for that term of court. Counsel moved that Detective Fletcher be prohibited from assisting the Commonwealth in picking the jury because he gained insight as to the panel members' natures, prejudices and preferences by virtue of serving with them. The trial court held a hearing and concluded that the jury panel was not tainted by Detective Fletcher and that information given to the Commonwealth about four members of the panel was based on personal knowledge and not on information learned during his jury service.

The trial court was not in error by refusing to discharge the jury. Bias is a matter of fact which must be proven. Greer has failed in this aspect; therefore, we perceive no error. *Watson v. Commonwealth*, Ky., 433 S.W.2d 884 (1968).

■ Greer next asserts that reversible error was committed when the tape recorded statement was admitted without proper authentication, proof of chain of custody, and without proper foundation.

The trial court ruled that Greer's confession was admissible. It detailed the scheme to grow marijuana on Greer's farm. Greer contended that the tape was 13 minutes short and the chain of custody was broken when the tape was left with someone for transcription. A question of tampering, erasure and deletion was involved. The trial court's ruling of admissibility then created a jury question about the tape's authenticity and the weight to be given the evidence.

Greer argues that the trial court was required to apply the seven-point test regarding the admissibility of the tape recording pursuant to *Carrier v. Com.*, Ky.

App., 607 S.W.2d 115 (1980), where this Court, without reservation, said:

> ■ Appellant next contends that improper foundation was laid or established for admission of the two tape recordings. The ground rules are clearly established in *Commonwealth v. Brinkley*, Ky., 362 S.W.2d 494, 497 (1962): [seven ground rules recited]

However, an examination of *Brinkley* reveals no adoption of the seven ground rules as *Carrier* claims. *Brinkley* holds that it must be determined that the tape recording evidence has a proper foundation before admission, and the opinion says at p. 497:

> We note that the Supreme Court of Georgia, in *Steve M. Solomon, Jr., Inc. v. Edgar*, 92 Ga.App. 207, 88 S.E.2d 167, said that a proper foundation for the admission of a recording would consist of (1) a showing that the mechanical transcription devise was capable of taking testimony, (2) a showing that the operator of the device was competent to operate the device, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the record, (6) identification of the speakers, and (7) a showing that the testimony elicited was freely and voluntarily made, without any kind of duress.

*Brinkley* never adopted the seven ground rules for mandatory application in Kentucky. The discussion in *Brinkley* of the seven ground rules, as outlined in the Georgia case, is dictum. Therefore, *Carrier* is misleading because it misconstrues the *Brinkley* opinion.

It is our conclusion that the trial court did not abuse its discretion in the admission of the tape recording evidence, based upon it being convinced of its authenticity and that a proper foundation had been laid.

■ Lastly, Greer says reversible error was committed by the trial court's failure to instruct on the defense of "choice of evils."

This error, Greer argues, arose when he attempted to justify his criminal act because of his poor economic situation, his being rejected for loans and having to face bankruptcy. He wanted the jury to be instructed upon his belief that his crime might be a lesser evil than the circumstances he was facing, and he was justified in choosing between the two.

 "Choice of evil" defense applies to an imminent physical injury, not to a financial or property injury. *See* KRS 503.030, *Senay v. Com.*, Ky., 650 S.W.2d 259 (1983), and *Damron v. Com.*, Ky., 687 S.W.2d 138 (1985). There was no error in this regard.

The conviction, incorporated in the judgment herein, is affirmed.

REYNOLDS, J., concurs.

DYCHE, J., dissents and files a separate opinion.

DYCHE, Judge, dissenting.

I believe that *Carrier, supra,* does in fact set out standards for the admission of tape recordings into evidence, either by reference to *Brinkley,* or standing alone. The "ground rules" were not followed in this case; no satisfactory explanation was put forth by the Commonwealth for the time discrepancy on the tape. Accordingly, the recording fails to meet standards (3) and (4) above and should have been excluded from the evidence in this case. The judgment should be reversed.