875 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Wesley RALPH, Petitioner-Appellant,
v.
Al. C. PARKE, Warden, Kentucky State Reformatory, Respondent-Appellee.
 No. 88-6193.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1989.
 
 Before MERRITT and BOYCE F. MARTIN, Jr., Circuit Judges and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 John Wesley Ralph, a pro se Kentucky prisoner was convicted, after a jury trial, of two counts of murder. Pursuant to the jury's deliberations, Ralph was sentenced to two concurrent life terms. After pursuing a direct appeal to the Supreme Court of Kentucky, Ralph sought a petition for a writ of habeas corpus from the district court pursuant to 28 U.S.C. Sec. 2254. In his petition to the district court, Ralph raised the following issues: (1) that he was deprived of a fair trial under the sixth and fourteenth amendments because persons under 25 years of age and over 65 years of age were systematically excluded from the grand jury; (2) that his confession should have been suppressed at trial because neither his waiver of Miranda rights nor his confession were knowingly, intelligently, and voluntarily made; (3) that the trial court's failure to define extreme emotional disturbances for the jury was a denial of due process; and (4) that the trial court did not follow the mandatory sentencing provisions set forth in Ky.Rev.Stat. Sec. 532.050. Following the district court's dismissal of his petition for habeas corpus relief, Ralph filed a timely notice of appeal with the court. On appeal, Ralph raises the same issues which were identified in his petition for the writ of habeas corpus and in addition asserts that he was denied the right to amend his petition by the district court after he learned that one of the state's expert witnesses had perjured himself and that he was denied access to relevant portions of the trial transcript pursuant to Rules 5 and 7 of the Rules governing Sec. 2254 cases in the United States District Courts. Petitioner also seeks the appointment of counsel and a new evidentiary hearing before the district court.
 
 
 3
 Upon review, we conclude the district court properly dismissed Ralph's petition for habeas corpus relief.
 
 
 4
 Ralph lacks standing to challenge the exclusion from the grand jury pool of persons over 65 and under 25. A challenge to the makeup of a state grand jury is made under the equal protection clause of the fourteenth amendment because the fifth amendment right to a grand jury has not been applied to the states. Casteneda v. Partida, 430 U.S. 482, 492 (1977); Hurtado v. California, 110 U.S. 516 (1884). Since Ralph was 46 or 47 at the time of trial, he lacks standing to challenge the under-representation of persons over 65 and under 25 from the grand jury pool, as he is not a member of either group. Aldridge v. Marshall, 765 F.2d 63, 69 (6th Cir.1985); Ford v. Seabold, 841 F.2d 677, 681 (6th Cir.1988).
 
 
 5
 Based upon the circumstances surrounding Ralph's confession, we conclude that the absence of police coercion in procuring the confession precludes any finding of inadmissibility under the fourteenth amendment, and, consequently, the admissibility of Ralph's confession is to be decided under state law. Colorado v. Connelly, 479 U.S. 157, 167 (1986). On direct appeal, the Supreme Court of Kentucky upheld the trial court's finding that Ralph's confession was admissible; that decision on intoxication and the state law evidentiary issues in the case are binding on this court. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam).
 
 
 6
 The trial court's failure to merely define "extreme emotional disturbance" did not render the entire trial so fundamentally unfair as to merit habeas relief. Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Thomas v. Arn, 704 F.2d 865, 868-69 (6th Cir.1983).
 
 
 7
 Ralph's contention that the trial court failed to follow the mandatory sentencing procedures of Ky.Rev.Stat. Sec. 532.050 is without merit since the trial court's action was approved by the Supreme Court of Kentucky. In addition, this is purely a question of state law and the ruling of the state's highest court is binding on this court. Wainwright, 464 U.S. at 84.
 
 
 8
 The district court's denial of Ralph's attempt to amend his petition, after he learned of the perjury of one of the state's expert witnesses, was harmless error. Based upon a review of the record, we conclude it is unlikely that the perjured testimony influenced the jury and the use of the testimony simply does not require the conviction to be set aside. Wernert v. Arn, 819 F.2d 613, 617 (6th Cir.1987).
 
 
 9
 Ralph's contention that he was denied access to relevant portions of the trial transcript is without merit. Although Rule 5, Rules Governing Section 2254 cases in the United States District Courts, places the burden on the state to identify and attach all relevant portions of the trial transcript to its answer, such identification and presentation is discretionary with the district court. Sizemore v. District Court, 50th Judicial District, Boyle County, Kentucky, 735 F.2d 204, 207 (6th Cir.1984). In this situation, since the state provided the entire trial transcript to the district court, we conclude that the district court's denial of Ralph's motion was not error since Ralph adequately identified the issues in his brief and the district court was capable of reviewing the transcript to determine if Ralph's contentions were meritorious.
 
 
 10
 Accordingly, Ralph's motions for the appointment of counsel and for a new evidentiary hearing before the district court are hereby denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.