**Melvin WOODS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 89–SC–194–MR.**

Supreme Court of Kentucky.

June 28, 1990.

Rehearing Denied Sept. 6, 1990.

J. Kirk Griggs, II, Lexington, for appellant.

Frederic J. Cowan, Atty. Gen., Ian G. Sonego, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

LEIBSON, Justice.

Melvin Woods was charged and convicted in McCracken Circuit Court of two separate narcotics offenses: (1) "Trafficking in Schedule II Narcotic Controlled Substance [Cocaine], Second or Subsequent Offense," for which he was sentenced to twenty years; and (2) "Trafficking in Marijuana, Under 8 Ounces, Second or Subsequent Offense," for which he was sentenced to five years. The sentences were run consecutively for a total of twenty-five years. He appeals to this Court as a matter of right.

As part of an ongoing investigation into drug dealing in the area of Seventh and Adams in Paducah, Kentucky, Officer Donnie Hill, an undercover agent who had been previously "wired" to tape-record his activities, made two "buys" from Melvin Woods at a bar in that vicinity. The first transaction was a $10 bag of marijuana, and the second, a separate transaction sometime later on the same day, was $25 worth of cocaine.

Trial testimony included that of the undercover agent named Hill who made the buys, of his "backup" who was in a car outside attempting to record the transmissions from Hill's concealed microphone, and of an expert witness from the Kentucky State Police Laboratory who tested the buys and found the first to be 1.5 grams of marijuana and the second to be 6/100's of a gram of a white powder which she "believed" to be cocaine.

The principal questions on appeal are generated by the evidence regarding the appellant's prior drug offense, which served as the basis of his conviction as a subsequent offender. This was a conviction three years earlier in McCracken District Court for possession of marijuana. The arrest record, a "Citation," specifies as the "details" of the "violation":

"Possession of marijuana—marijuana cigarette was found in left pocket of overcoat. Search was a result of arrest of [sic] disorderly conduct."

At trial on the present offenses the District Court Clerk testified the case file showed the notation "pled guilty through attorney," and that this notation, "through attorney" meant that the defendant was "probably not" in the courtroom. Before trial the appellant had filed a Motion to Suppress, supported by his Affidavit, establishing that the notation on the District Court docket in full was as follows:

"P.G. [pled guilty] through atty [Attorney], 21 days—Credit for Time Served."

This Motion, supported by Affidavit, further states:

"A review of the tapes which constitute the record of that case indicate that the defendant was not present in the courtroom when this plea was entered. The defendant states that he was incarcerated in the McCracken District jail at the time and was simply not brought over from the jail to the courtroom...."

The evidence the appellant was not present, and was not advised of his constitutional rights as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), is uncontroverted by evidence in the record to the contrary. Nevertheless, the trial judge's Order, overruling the Motion to Suppress, "found from the evidence presented that the said conviction is valid on its face and the Court having found no evidence to the contrary ... the Motion to Suppress is hereby denied."

The trial judge could have reached this result only for one of two reasons: (1) because the Circuit Judge had been the District Judge at the time the plea of guilty was entered to this prior marijuana offense and was now ruling on the Motion to Suppress from his personal knowledge of facts not in this record; or (2) because the court was of the opinion that the plea of guilty *in absentia,* as permitted by RCr 8.28(4) in "prosecutions for misdemeanors," precludes the defendant from later challenging the conviction on grounds the trial judge had not "canvassed" his *Boykin* rights. *Boykin v. Alabama, supra,* specifies the court taking a guilty plea must discuss certain federal constitutional rights with the defendant to make sure he had a full understanding of what the plea connotes and of its consequences. Regardless of which of these two alternative reasons support the circuit court's decision to permit the Commonwealth to utilize the prior misdemeanor conviction to establish this appellant as a subsequent offender, the situation calls for reversal.

 First, if the Circuit Judge knew, contrary to the record, that he did in fact canvass the appellant's *Boykin* rights with him on the prior occasion when he accepted the guilty plea while serving as District Judge, this is "personal knowledge" of the type abjured in KRS 26A.015(2)(a) and the Canons of Judicial Ethics as codified in SCR 4.300, Canon 3C, Disqualification, subsection (1)(a). Both the statute and our rule specifically require a Judge to "disqualify himself in any proceeding where he has personal knowledge of disputed evidentiary facts concerning the proceedings."[1] The record in this case shows that at the same time the appellant filed his Motion to Suppress, he also filed a Motion to Recuse, specifically addressed to the fact that the Circuit Judge was the same "Judge who signed the order dated October 30, 1986, reflecting a conviction of this defendant on a charge of possession of marijuana." This Motion to Recuse was overruled along with the Motion to Suppress. If the Circuit

Judge was not going to suppress the evidence of this previous misdemeanor conviction and thus remove the second or subsequent offender issue from this case, it was an abuse of discretion for him to deny the Motion to Recuse, because he would then be sitting in violation of the statute and rule quoted above. In *Carter v. Commonwealth,* Ky.App., 641 S.W.2d 758 (1982), the Court of Appeals held a trial judge was required to recuse because he was the County Attorney at the time of a prior plea of guilty which was now being challenged in a persistent felony offender proceeding. The conflict is even more pronounced in present circumstances than in *Carter,* and the rationale of the *Carter* Opinion is persuasive and controlling. As authority to the contrary, the Commonwealth has cited *Marlowe v. Commonwealth,* Ky., 709 S.W.2d 424 (1986), *cert. denied* 479 U.S. 946, 107 S.Ct. 427, 93 L.Ed.2d 378 (1986), holding a case need not be reversed automatically because a judge who sat in a prior related case fails to recuse. *Marlowe* rejects a *per se* disqualification rule in all circumstances. But recusal must be the rule in those situations where the judge's knowledge about the case is obtained from a source other than the case record and may bear on the decision.

Further reasons for recusal are: (1) there was an issue on appeal that called for the trial judge to review a decision he had made at the District Court level; and (2) the trial judge was apprised of his connection with the matter sufficiently in advance of the time when the case was to be heard so that he could have been replaced without interrupting the procedure. The situation called for recusal.

 Of course, the situation regarding recusal is different if the trial judge sustained the Motion to Suppress based solely on the record from District Court and the authority to take a guilty plea *in absentia* under RCr 8.28(4). But the situation would still require reversal. When a defendant

---

**1.** We need not concern ourselves with whether the statute impairs the power of the judiciary in violation of the constitutional separation of powers doctrine, since both the statute and our rule are the same in this respect.

challenges the validity of a prior conviction for enhancement purposes, his federal constitutional rights under *Boykin v. Alabama, supra,* and its progeny must take precedence over our Rules of Procedure permitting trial of misdemeanors *in absentia.* Whether a plea of guilty is voluntary for purposes of the federal constitution is a federal question. *Marshall v. Lonberger,* 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983). Federal law requires that before any court accepts a guilty plea first it must determine that the defendant is fully cognizant of the fundamental constitutional guarantees which are waived upon entry of the plea. *Sizemore v. District Court,* 735 F.2d 204, 206 (6th Cir. 1984). In *Dunn v. Commonwealth,* Ky., 703 S.W.2d 874 (1986), *cert. denied* 479 U.S. 832, 107 S.Ct. 121, 93 L.Ed.2d 67 (1986), we said that a silent record does not automatically foreclose use of a prior conviction because *Boykin v. Alabama, supra,* involved a direct appeal rather than a collateral attack upon a final judgment. A final judgment of conviction, like any judgment, should be entitled to a presumption of regularity, at least until there is some evidence to the contrary. The United States Supreme Court has not yet held otherwise.

■ But here the record is *not* silent. The record reflects that the prior conviction was based upon appellant's guilty plea made "through [his] attorney." Both the District Court Clerk's testimony and the appellant's Affidavit, uncontradicted, establish the prior conviction was constitutionally defective because the court did not canvass the appellant's *Boykin* rights with him at that time. Indeed, there is nothing here to suggest that his attorney, or anyone else, did so either. Unless the trial judge had personal knowledge of the circumstances of this guilty plea which proved otherwise, in which case he should have recused himself and been a witness, it was prejudicial error to overrule the Motion to Suppress in these circumstances.

■ Further, this error was compounded when the evidence of this prior misdemeanor offense was introduced during the guilt phase of the trial on the present charges. Because the "second or subsequent offense" issue was tried interwoven with the current offenses for which the appellant was on trial, the whole case was prejudiced. Both the trial judge's failure to recuse and this inadmissible evidence of collateral unrelated criminal activity vitiate the trial of the principal offenses, trafficking in cocaine and marijuana, as well as the subsequent offender and sentencing portions of the case.

In *Commonwealth v. Crawford,* Ky., 789 S.W.2d 779 (1990), which is scheduled for rendition on the same day as this Opinion, we state our view that the record need not include "some magic incantation" establishing the defendant was afforded his *Boykin* rights, because we will not elevate form over substance. Here the appellant's case presents the opposite side of the same coin because the record shows, in substance, that appellant was *not* afforded his *Boykin* rights. Thus, our Opinion here is consistent with *Crawford.*

■ We adopt as the law applicable to present circumstances part of a recent Opinion by Judge McDonald of the Court of Appeals in *Tipton v. Commonwealth,* Ky.App., 770 S.W.2d 239, 242 (1989). Speaking to the substantive issues after the case had been reversed on procedural grounds, he states:

"This panel of the Court is of the opinion that a plea of guilty taken from someone other than the defendant does not comply with *Boykin, supra.* This is so, even in the light of RCr 8.28(4) permitting pleas in absentia. RCr 8.28(4) is discretionary, and we consider it an abuse of discretion to accept a plea of guilty in absentia for any offense, such as driving under the influence, for which an enhanced penalty may be imposed for subsequent convictions. The mandates of *Boykin* overshadow the procedural latitude that misdemeanors are granted in RCr 8.28(4). Reasoning that *Boykin* applies, then if a first offense DUI was pled under RCr 8.28(4), as herein, the Commonwealth could never properly get a conviction of a defendant with a second

offense under KRS 189A.010(2)(b). We do not believe that a rule of procedure can frustrate a criminal statute in that manner."

■ The third issue raised by the use of the prior conviction for possession of marijuana to convict the appellant as a second or subsequent offender is the appellant's right to a directed verdict. The appellant argues a prior conviction for possession of a marijuana cigarette cannot be used to enhance a subsequent offense. We agree.

The appellant was specifically indicted and tried under KRS 218A.990(1) for trafficking in Schedule II narcotics (cocaine) and under KRS 218A.990(4) for trafficking in marijuana. The portion of the language in these two sections crucial to the question of what type of previous offense constitutes a second or subsequent offender seems clear. KRS 218A.990(1) states in pertinent part:

"Any person who knowingly and unlawfully traffics in or transfers a controlled substance classified in Schedules I or II which is a narcotic drug or which is included in KRS 218A.070(1)(d) shall, for the first offense, be [punishment stated], and for each subsequent offense shall be [enhanced punishment stated]."

The language of KRS 218A.990(4)(a) which is the basis of the appellant's conviction for trafficking in marijuana follows the same format as the language used in KRS 218A.990(1). The only differences are in the punishments meted out. In each instance the words "each subsequent offense" infers an offense of the same type as the underlying charge. At least this is so if we apply ordinary rules of grammar and sentence structure.

There is ample reason to assume the General Assembly intended to refer to an offense of the same type. It makes sense to enhance convictions for possessing illegal drugs, offenses punished much less severely than trafficking, with more penalty if there has been previous convictions for trafficking. But the converse is not true. In trafficking the penalties are severe, and the subsequent penalties even more severe, so that enhancement where

there is a prior offense would reasonably relate to a prior offense of the same kind, trafficking rather than a mere illegal possession.

■ Of course, in drafting statutes the General Assembly is not necessarily limited to what is reasonable. Reason, as such, is merely an aid to statutory construction. Our question is what did the General Assembly say. So we must inquire further, using other tools to aid us. Another such tool is the "rule of lenity." *Roney v. Commonwealth*, Ky., 695 S.W.2d 863, 864 (1985). Penal statutes are not to be extended by construction, but must be limited to cases clearly within the language used. *Commonwealth v. Malone*, 141 Ky. 441, 132 S.W. 1033 (1911). "Moreover, doubts in the construction of a penal statute will be resolved in favor of lenity and against a construction that would produce extremely harsh or incongruous results." *Commonwealth v. Colonial Stores, Inc.*, Ky., 350 S.W.2d 465 (1961); *Boulder v. Commonwealth*, Ky., 610 S.W.2d 615, 618 (1980) *overruled on other grounds*.

This appellant's prior misdemeanor conviction for possession of a marijuana cigarette was used to enhance his trafficking penalty from a potential punishment limited to ten years to twenty years as a matter of fact. All this is based on a definition of the term "a second or subsequent offense" found in subsection (8), a different subsection of KRS 218A.990 than the ones used to charge and try him. Subsection (8) covers a different type of illegal drug offense than subsections (1) and (4)(a) under which the appellant was charged and convicted. Subsection (8) covers possession of "any controlled substance classified in Schedules I, II, or III which is not a narcotic drug and which is not included in KRS 218A.070(1)(d), except marijuana," etc. Subsection (i) of subsection (8) states:

"For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or

of any state relating to the substances classified as controlled substances."

Thus subsection (8)(i) provides an all encompassing definition, making any previous controlled substance offense of any kind a basis for enhancement. The question is whether subsection (i) of subsection (8) provides a definition for subsections (1) and (4), as well as for subsection (8).

There would be no reason to construe a subsection of (8) to apply to (1) and (4) except for our previous decision in *Rudolph v. Commonwealth*, Ky., 564 S.W.2d 1 (1978), *cert. denied* 439 U.S. 1004, 99 S.Ct. 616, 58 L.Ed.2d 680 (1978). The Opinion in *Rudolph* recognized the validity of the appellant's arguments as to the reasons why this definition in subsection (8)(i) should not apply to his case, but concluded that subsection (i) applies to the whole of KRS 218A.990 rather than just subsection (8) because of the previous history of the statute. *Rudolph* reasons that placing subsection (i) under subsection (8), rather than creating a separate subsection for this definition and specifying that it applies to *all* the previous subsections, was but a statutory anomaly.

The Commonwealth argues that the General Assembly's failure to react to *Rudolph* enhances its value as an expression of legislative will. Prof. Lief H. Carter stated and documented in *Reason in Law*, 3d ed., at 105–06 (1988), that such reasoning is "superficial":

"Judges often buttress their adherence to precedents on such grounds, but these grounds are insufficient.... [C]ourts should not speculate about the meaning of a statutory interpretation by guessing at why the legislature didn't pass a law affecting the interpretation[.]"

The reasoning in *Rudolph* regarding the history behind the statute is tenuous at best. Weighed against the plain meaning of the language in the previous subsections, against the structuring of the statute as a whole, against reason and the rule of lenity, we reach a different result. We do not believe the General Assembly meant to double the penalty for trafficking in cocaine because of a prior conviction for possessing a marijuana cigarette. We overrule *Rudolph v. Commonwealth*.

Having so concluded, the appellant was entitled to a directed verdict on the "subsequent offender" aspect of the two trafficking offenses for which he was convicted. This removes the subsequent offender issue from the case. So in the event of a retrial, no longer will the trial judge need to recuse over this issue.

■ There is one further issue we need to address in case of a retrial. The appellant complains the trial court erred in permitting the Commonwealth to use as evidence an electronically cleaned audio tape recording of a portion of the drug buys, picked up by the undercover agent's concealed microphone.

The purpose of sanitizing the tape is to reduce and eliminate background noises as much as possible, and thus to enhance audibility. The police officer who made the recording testified that, having listened to the tape a number of times, it was not inaudible to him. His testimony verified its accuracy and authenticity. The evidence from the technician who sanitized the tape was sufficient to sustain the trial court's ruling on his expertise, and on the admissibility of the tape. In *Poteet v. Commonwealth*, Ky., 556 S.W.2d 893 (1977), our Court recognized the use of "enhanced" copies of tape recording, so long as the trial court was satisfied with the authenticity of the process and the undercover police officer testified that the conversations on the tape as enhanced were an accurate reproduction. As stated in Lawson, *The Kentucky Evidence Law Handbook*, 2d ed., § 7.10 (1984), the cases from the federal courts hold the "trial court has broad discretion in determining admissibility and that his judgment will not be disturbed on appeal if there is sufficient evidence of the accuracy of the recording to assure its reliability." We cannot say the trial court abused its discretion in the present case in admitting the tape recording.

Therefore, for the reasons stated above relating to the use of the prior conviction for possession of a marijuana cigarette to

enhance penalties, the within case is reversed and remanded to the trial court for further proceedings consistent with this Opinion.

STEPHENS, C.J., and COMBS, GANT and LAMBERT, JJ., concur.

VANCE, J., dissents.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because none of the views expressed therein require reversal. The use of the prior conviction for possession of a marijuana cigarette to enhance the sentence of Wood was appropriate.

The trial judge did not commit reversible error when he did not direct a verdict of acquittal. The prosecution's evidence that Woods was previously convicted of marijuana was sufficient proof of a prior conviction pursuant to K.R.S. 218A.990. The statute clearly provides for penalty enhancement. K.R.S. 218A.990(8)(i) indicates that for purposes of this section, an offense is considered a second or subsequent offense if, prior to his conviction of the offense, the offender has *at any* time been convicted under this chapter or under any statute of the Federal government or of any state relating to the substances classified as controlled substances. Woods' prior conviction of a misdemeanor, pursuant to K.R.S. 218A.990(4), trafficking in marijuana of less than 8 ounces, was properly admissible.

RCr 8.28(4) does not require the presence of the defendant in order to accept a misdemeanor plea. In this case Woods cannot challenge the misdemeanor conviction because he did not move to suppress it before trial. *Cf. Alvey v. Commonwealth*, Ky., 648 S.W.2d 858 (1983). *Tipton v. Commonwealth*, Ky.App., 770 S.W.2d 239 (1989) is not applicable because the statements of the Court of Appeals panel relied on by Woods are dicta. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) is not applicable.

The trial judge was not disqualified to preside over the trial. Woods' complaint that the trial judge was the district court judge who accepted the guilty plea on the defendant's prior drug conviction is not convincing. *Marlowe v. Commonwealth*, Ky., 709 S.W.2d 424 (1986) held that K.R.S. 26A.015 does not require disqualification of a judge unless the judge's knowledge regarding the case was obtained from an extrajudicial source. That is not the case here.

The trial judge did not abuse his discretion in permitting the prosecution to produce an electronically cleaned audio tape recording of the drug purchase. The police witness played the original unenhanced tape, identified it and then played the filtered or enhanced tape. The tape was electronically filtered to enhance the voices so that the conversation could be heard more clearly. On deposition, the technician testified that he did not add to or alter the words of the conversation on the tape. The technician's testimony established that he had the necessary expertise. *Greer v. Commonwealth*, Ky.App., 748 S.W.2d 674 (1988) correctly provides that the seven ground rules of *Solomon v. Edgar*, 92 Ga. App. 207, 88 S.E.2d 167 (1955) listed in *Commonwealth v. Brinkley*, Ky., 362 S.W.2d 494 (1962) are not requirements but only a general guideline and that the only prerequisite to admitting a tape recording is to convince the trial court of the tape's authenticity and foundation.

I would affirm the conviction in all respects.