**Daniel VILLERS, Appellee,**

v.

**STATE of Tennessee, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 3, 1991.

Order on Denial of Rehearing Jan. 31, 1992.

Permission to Appeal Denied by Supreme Court May 11, 1992.

Comer L. Donnell, Dist. Public Defender, Lebanon, for appellee.

Charles W. Burson, Atty. Gen. & Reporter, Merrilyn Feirman, Asst. Atty. Gen., Nashville, Tom P. Thompson, Jr., Dist. Atty. Gen., Hartsville, H. Douglas Hall, Asst. Dist. Atty. Gen., Lebanon, for appellant.

OPINION

JONES, Judge.

The State of Tennessee appeals as of right from a judgment of the trial court granting the appellee's petition for post-conviction relief and setting aside his conviction for felony murder. The trial court found that the appellee's conviction was constitutionally infirm because the trial judge accepting his plea failed to explain

the constitutional right to confront his accusers and the privilege against self-incrimination before he entered the plea.

The State presents one issue for review, *i.e.*, "Whether the [trial Court] erred in setting aside the defendant's guilty plea?"[1]

## I.

On March 20, 1987, Villers entered a plea of guilty to the offense of felony murder. The trial court sentenced him to life in the Department of Correction pursuant to a plea bargain agreement. The transcript of the submission hearing reflects:

a.) the District Attorney General stated the facts that the State would have proven if Villers had opted to go to trial;

b.) the trial court explained the punishment for the offense, *i.e.*, death by electrocution or a life sentence in the Department of Correction;

c.) the trial court explained that Villers had a right to trial by jury, and that this right would be waived if he entered a plea of guilty;

d.) the trial court also advised Villers that the entry of a guilty plea would result in the waiver of his right to pursue a motion for a new trial and an appeal;

e.) Villers advised the trial court that he was pleading guilty because it was in his best interest;

f.) Villers advised the trial court that no threats or promises had been made to prompt him to plead guilty; and

g.) Villers stated he was satisfied with the services rendered by his attorneys.

Villers introduced the transcript of the submission hearing and the petition for waiver of trial and request for acceptance of a plea of guilty as exhibits during the evidentiary hearing. Counsel for Villers then stated:

Your Honor please, we'll just stand on the transcript itself and the record itself there, as to the entry of the plea; and

would, of course, whenever the Court wishes, would want to so argue and point out to the Court that neither the transcript nor the Petition itself, we would say, have any waiver of rights against self-incrimination, right to a jury trial, or right to confrontation. And we think each one of these have to appear somewhere in the record under *Boykin,* and under the more recent cases. I don't know whether they want to speak for the attorney general's office, but they perhaps won't agree with us on these cases, but that is our position in this matter.

The State of Tennessee called the two attorneys who represented Villers as witnesses. According to the attorneys, there were numerous conferences with Villers; and Villers was fully advised of the consequences of a guilty plea. The attorneys told Villers that it was in his best interest to plead guilty; and Villers agreed. He did not want to risk a death sentence.

On more than one occasion the attorneys advised Villers of the evidence against him, the results of their investigation, the nature and scope of a capital sentencing hearing, the right to trial by jury, the right to confront and cross-examine his accusers, the right to call witnesses, and the privilege against self-incrimination. According to the attorneys, Villers understood these rights. Moreover, he was given the opportunity to ask questions concerning any aspect of the case or guilty plea proceedings; and he opted not to ask any questions or seek additional advice. He assured the attorneys he understood the rights that had been explained to him.

In a memorandum opinion, the trial court stated:

A reading of the transcript of the guilty plea entered on March 20, 1987 shows that the constitutional requirements were not met. In the opinion of the Court the record so clearly shows that the trial court, in accepting the guilty plea, failed to net the minimum stan-

---

1. This issue does not comport with Rule 27(a)(4), Tenn.R.App.P. It is too broad in scope. *See State v. Matthews,* 805 S.W.2d 776, 778 (Tenn.Crim.App.1990); *State v. Dykes,* 803 S.W.2d 250, 255 (Tenn.Crim.App.1990). However, this Court opts to consider the issue on the merits.

dards set out in *State v. Mackey* and *Boykin v. Alabama* that the harmless error rule set out in T.R.A.P. 36(b) and Rule 52(a) of the Rules of Criminal Procedure is not applicable here.

\* \* \* \* \* \*

One can question the Petitioner's wisdom in seeking a new trial, but this does not change the fact that the trial judge in accepting a guilty plea must follow the mandates of *Boykin v. Alabama.* It is the opinion of the Court that the plea and conviction of Daniel Villers should be set aside. The guilty plea was entered without a waiver of and without a voluntary understanding and intelligent appreciation of his constitutional rights of cross-examination, of his right to confront, and of his privilege against self-incrimination.

## II.

■ The record clearly reflects that the trial court accepting Villers' guilty plea did not explain the right to confront and cross-examine prosecution witnesses or the privilege against self-incrimination. *See* Tenn. R.Crim.P. 11(c)(3). However, this does not end the inquiry as to whether Villers' plea was voluntarily, understandingly and knowingly entered. *See State v. Neal,* 810 S.W.2d 131 (Tenn.1991); *Chamberlain v. State,* 815 S.W.2d 534 (Tenn.Crim.App. 1990).[2] Such deficiencies are subject to harmless error analysis. *Neal,* 810 S.W.2d at 138.

## III.

■ When the transcript of the submission hearing reveals that the trial court accepting the guilty plea did not explain a constitutional right enumerated in Rule 11(c)(3), Tenn.R.Crim.P., and that the entry of the plea will result in a waiver of the right, the burden shifts to the State of Tennessee to establish that the omission was harmless beyond a reasonable doubt. *State v. Neal, supra* at 138. *See Rudolph v. Parke,* 856 F.2d 738, 740 (6th Cir.1988);

*Sizemore v. Dist. Ct., 50th Jud. Dist., Boyle County,* 735 F.2d 204, 207 (6th Cir. 1984); *Roddy v. Black,* 516 F.2d 1380, 1384 (6th Cir.), *cert. denied,* 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975).

■ The State of Tennessee can establish that the omission was harmless through extrinsic evidence. *Dunn v. Simmons,* 877 F.2d 1275, 1277 (6th Cir.1989), *cert. denied,* 494 U.S. 1061, 110 S.Ct. 1539, 108 L.Ed.2d 778 (1990); *State v. Neal, supra,* at 139–140. Thus, the State can present as witnesses the trial judge who accepted the plea, the assistant district attorney general who represented the State, the attorney who represented the accused, the clerk, or any other person who was present when the accused entered the plea or has personal knowledge of relevant facts to meet its burden of persuasion. *Chamberlain v. State, supra.* In the case *sub judice,* the State presented the attorneys who represented Villers to meet its burden.

## IV.

■ As previously stated, the attorneys explained to Villers in detail the evidence the State would introduce if he opted to go to trial,[3] the results of their thorough investigation of the facts and law, the nature and scope of the capital sentencing hearing, and his constitutional right to a jury trial, confront and cross-examine the State's witnesses, and the privilege against self-incrimination on more than one occasion. Villers stated that he understood his rights. He did not ask any questions or seek any additional advice. The attorneys were satisfied that Villers fully understood his rights.

Villers did not present any evidence during the hearing.

## VI.

Based upon the record presented to this Court, it is clear beyond a shadow of a doubt that Villers understood and appreci-

---

**2.** Henry County No. 1 (Tenn.Crim.App., August 8, 1990, Jackson), (per. app. denied July 1, 1991).

**3.** Villers gave the investigating officers a detailed confession.

ated his constitutional rights; and he was equally aware that the entry of a plea of guilty would result in a waiver of these rights. Consequently, the trial court's failure to explain the right to confront and cross-examine the State's witnesses and the privilege against self-incrimination was harmless beyond a reasonable doubt. The trial court's holding that the harmless error rule did not apply was clearly erroneous.

This Court concludes that Villers' guilty plea was voluntarily, understandingly and knowingly entered; and his conviction for the offense in question was not subject to collateral attack on this ground.

The judgment of the trial court is reversed; and this cause is remanded to the trial court for the entry of an order dismissing Villers' suit for post-conviction relief.

SCOTT and BIRCH, JJ., concur.

### ORDER DENYING PETITION TO REHEAR

The State of Tennessee has filed a petition to rehear pursuant to Rule 39, Tenn. R.App.P. Although the State prevailed in this Court, it argues that language contained in the opinion is contrary to the Supreme Court's holding in *State v. Neal,* 810 S.W.2d 131 (Tenn.1991). The Assistant Attorney General then undertakes to instruct the Court as to the language used in *Neal* and *Neal's* holding.

Contrary to the State's assertions, this Court is acutely aware of the "but for" rule enunciated in *Neal.* Had the Assistant District Attorney General raised this issue in the trial court or the Assistant Attorney General raised this point in this Court, the opinion would have addressed the "but for" rule. However, since it was not raised at either stage of the proceedings, it was not an issue; and this Court did not address the "but for" rule.

This Court limited its opinion to the issues presented for review.

The petition is denied.

/s/ Jerry Scott
JERRY SCOTT, JUDGE

/s/ Joe B. Jones
JOE B. JONES, JUDGE
/s/ Adolpho A. Birch, Jr.
ADOLPHO A. BIRCH, JR., JUDGE