IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER SESSION, 1998

FILED

March 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| TIMOTHY LEE INMAN, | ) | C.C.A. NO. 02C01-9808-CC-00254 |
| | ) | |
| Appellant, | ) | |
| | ) | DYER COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. LEE MOORE, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

RALPH I. LAWSON                       JOHN KNOX WALKUP
306 Church Avenue                     Attorney General & Reporter
P.O. Box 1207
Dyersburg, TN  38025-1207            PETER M. COUGHLAN
                                      Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN  37243

                                      C. PHILLIP BIVENS
                                      District Attorney General

                                      JAMES E. LANIER
                                      Assistant District Attorney General
                                      Criminal Justice Center, Suite 301
                                      115 East Market Street
                                      P.O. Box E
                                      Dyersburg, TN  38025-2005


OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Timothy Lee Inman, appeals the trial court's dismissal of his petition for post-conviction relief. In this appeal, Petitioner raises the following issues: (1) whether his guilty plea was involuntarily entered into without a full understanding of the nature and consequences of the plea; (2) whether he was denied the effective assistance of counsel due to a deficient performance which influenced him to plead guilty; and (3) whether his guilty plea is per se invalid because the trial judge did not tell him of his right against self-incrimination. After a careful review of the record, we affirm the judgment of the trial court.

The pertinent facts are that on April 26, 1996, Petitioner was charged by way of criminal information with two counts of rape of a child in the Dyer County Circuit Court. On July 29, 1996, a report from Dr. Vandankumar Patel was issued indicating that after a competency evaluation, pursuant to Tenn. Code Ann. § 39-11-501, it was determined that Petitioner's condition was such that he was capable of defending himself in a court of law. Dr. Patel also found that Petitioner understood the nature of the legal process, the charges pending against him, the consequences that could follow, and that he could advise counsel and participate in his own defense. Dr. Patel did not believe that a defense of insanity could be supported. Thereafter, defense counsel filed a motion for mental evaluation. On August 20, 1996, the court ordered a thirty day mental evaluation of Petitioner at Western Mental Health Institute, noting that Petitioner had been evaluated at the local level and that he had a mental problem causing a serious question as to whether Petitioner was competent as well as whether or not an insanity defense might be appropriate. After the thirty day evaluation, the Western Mental Health Institute issued a report

indicating that Petitioner was capable of adequately defending himself in a court of law. It was further concluded that he had the ability to cooperate with his attorney in his own defense and that he had an awareness and understanding of the nature and object of the proceedings. The report noted that his intellectual limitations might require his attorney to spend extra time to insure that Petitioner understood more complex court procedures. The report also indicated that the defense of insanity could not be supported because at the time of the offense, Petitioner, in spite of his mental defect, was able to appreciate the nature or wrongfulness of such acts. Thereafter, on February 18, 1997, Petitioner pled guilty to one count of the lesser offense of aggravated sexual battery. He was sentenced to eight (8) years in the Department of Correction, and the trial judge recommended that Petitioner be placed in a special needs facility. Petitioner filed his petition for post-conviction relief on January 20, 1998, claiming ineffective assistance of counsel and involuntariness as to his guilty plea. The trial court subsequently dismissed his petition.

## Issues I. and II.

Petitioner argues that his plea was not voluntarily entered into and that his trial counsel's performance was deficient, which influenced him to plead guilty.

In post-conviction proceedings, the petitioner has the burden of proving the allegations of fact by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). When reviewing the dismissal of a post-conviction petition, this Court must affirm the judgment of the trial court unless the evidence in the record preponderates against the judgment. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994) (citation omitted). When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

In regard to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of counsel, he would not have entered into the plea. Adkins v. State, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994). In North Carolina v. Alford, 400 U.S. 25 (1970), the United States Supreme Court stated the following:

> The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.

In evaluating the knowing and voluntary nature of Petitioner's plea, this Court must look at the totality of the circumstances. State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995), perm. to appeal denied (Tenn. 1996).

It is clear from the record that the trial court was concerned with Petitioner's intelligence. The court ordered an evaluation of Petitioner who has an IQ of 71. Two evaluations were completed and both concluded that Petitioner was competent to stand trial and that he could assist in his defense. One report did note that Petitioner's attorney may have to spend additional time with him in explaining "more complex court procedures."

Petitioner alleges that the testimony of his neighbor and that of an employee of the Department of Human Services demonstrated that he could not understand what he was being told. However, as the post-conviction court noted, Petitioner's neighbor had no training in psychology, but was only a student in social work. Similarly, the DHS employee stated she was not trained in psychology.

The record reflects that counsel was concerned about Petitioner's mental ability and that he discussed this issue with both Petitioner and with Petitioner's mother. He said he discussed the plea with Petitioner while his mother was present. He testified that he was satisfied Petitioner understood what was going on and that Petitioner knew he was pleading guilty to aggravated sexual battery with an eight (8) year sentence.

Petitioner's mother said that she wanted the case to go to the jury but that she was afraid of what the jury might decide. She also said that Petitioner told her he committed the crimes. Petitioner's trial counsel testified that Petitioner could have gone to trial in hopes that the jury would find reasonable doubt, but that given the statement of the victim and the victim's mother, he decided it was too risky.

Contrary to Petitioner's allegations, the decision to plead was not made solely by Petitioner's mother. In fact, the mother stated that she, Petitioner, and trial counsel all discussed whether or not to plead guilty. She said, "me and the lawyer and Timmy [Petitioner] too. We all made the decision." Just because Petitioner's mother was present and had an opinion about whether to plead does not mean that Petitioner's guilty plea was not validly entered. Petitioner was present during all discussions and he chose to plead to a lesser offense to avoid being convicted of the greater offense.

Petitioner also alleges that a third psychological evaluation was required, and that not requesting one was ineffective assistance of counsel. However, no evidence was presented as to what an independent evaluation would have found. The two evaluations that were conducted concluded that Petitioner was competent to stand trial and to assist in his defense.

Based on the foregoing, we find that Petitioner has failed in his burden to prove his allegation by clear and convincing evidence that he did not understand what he was doing when he pled guilty. Likewise, he has also failed to prove that "but for counsel's errors," he would not have pled guilty and would have insisted on going to trial. These issues are without merit.

Petitioner's third claim is that his guilty plea is per se invalid because he was not told of his right against self-incrimination. Petitioner was not informed of his right against self-incrimination at the guilty plea hearing. However, this does not end the inquiry as to whether his plea was voluntarily, understandingly and knowingly entered. See State v. Neal, 810 S.W.2d 131 (Tenn. 1991); Villers v. State, 833 S.W.2d 98 (Tenn. Crim. App. 1992); Chamberlain v. State, 815 S.W.2d 534 (Tenn. Crim. App. 1990). Such deficiencies are subject to harmless error analysis. Neal, 810 S.W.2d at 138. If the State can demonstrate through extrinsic evidence that Petitioner did in fact understand the omitted right, then the guilty plea will stand. Id.

The "Plea of Guilty and Waivers of Jury Trial and Appeal" form contains all of the information regarding Petitioner's rights against self-incrimination and his constitutional right to confront his accusers. However, this Court, like the trial court, is not satisfied that Petitioner could read his rights and fully understand them. Trial counsel testified that although he ordinarily either reads or has someone read this information to Petitioner, he could not recall whether he had done so in this case. He also indicated that although he ordinarily explains all these rights to his clients, he could not recall specifically whether he had done so in this case. However, Petitioner testified as follows at the post-conviction hearing:

> The Court: Do you remember being in court and entering a guilty plea?
>
> A: Yes, sir.
>
> Q: Did [trial counsel] ever tell you that if you went to-- Before you entered that guilty plea, did [trial counsel] ever tell you that if you went to trial, you could not be forced to

testify; in other words, you wouldn't have to get up on the stand like you are now?

A: Yes, sir.

Q: He did tell you that?

A: Yes, sir.

Q: What did you think about that? What did you think he meant?

A: That if I took it to court -- trial, that they couldn't make me get up there and say nothing.

Q: Did you know that when you entered the guilty plea?

A: Yes.

Based on the foregoing testimony by Petitioner, we agree with the trial court that he did understand his right against self-incrimination before he entered the guilty plea. We find that the State has met its burden of showing that Petitioner in fact understood his right against self-incrimination, and that the error was therefore harmless. This issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

-8-

_____
JOHN EVERETT WILLIAMS, Judge