Roosevelt SMALL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 22, 1981.

Jack Emory Farley, Public Advocate, R. Neal Walker, Asst. Public Advocate, Commonwealth of Kentucky, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Elizabeth E. Blackford, Asst. Atty. Gen., Mary Dentinger, Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, HOWARD and HOWERTON, JJ.

HOWARD, Judge.

Roosevelt Small appeals from an order revoking his shock probation. On February 20, 1979, he pled guilty to reckless homicide and received a sentence of five years. The Honorable Willard Paxton was the Commonwealth's attorney and recommended the sentence appellant received. Appellant received shock probation on May 24, 1979. Mr. Paxton later became Circuit Judge.

In January of 1980, appellant was arrested and charged with DUI. He pled guilty to reckless driving on April 14, 1980. This was used as a basis for a probation revocation hearing held on September 17, 1980, over which Judge Paxton presided. The conditions of appellant's probation mandated that he refrain from possession or use of alcohol or narcotics and that he maintain steady employment.

Appellant first contends that Judge Paxton should have, *sua sponte*, disqualified himself from presiding over the revocation hearing because he acted as Commonwealth's attorney on the underlying term. He relies on *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), in which the United States Supreme Court stated that a probationer facing revocation is entitled to, among other things, "[a] 'neutral and detached' hearing body such as a traditional parole board ...." Further, appellant relies on K.R.S. 26A.015(2)(a) which states that a judge "... shall disqualify himself ... where he has a personal bias or prejudice concerning a party ... or has expressed an opinion concerning the merits of the proceeding ...."

The Commonwealth contends that failure to file a motion in the lower court that the judge disqualify himself constitutes waiver of the mandate of K.R.S. 26A.015(2)(a). It is our opinion that any waiver of such right may be made under proper circumstances, either in writing or on the record, but will not be presumed from silence.

■ We need not go into appellant's allegations of bias or prejudice because we feel that under these circumstances, where it appears that Judge Paxton, in his role as Commonwealth's attorney, participated in the plea bargaining of appellant's original sentence, Judge Paxton should have disqualified himself under K.R.S. 26A.015(2)(e) which states that:

> Any justice or judge of the Court of Justice . . . shall disqualify himself in any proceeding where he has knowledge of any other circumstances in which his impartiality might reasonably be questioned.

There is some discussion in appellee's brief of the unlikelihood of Judge Paxton remembering his role in appellant's earlier plea, but we feel this is irrelevant. Judge Paxton or someone in his office prepared the Judgment of Acceptance of Guilty Plea and Judge Paxton signed same. The document specifically notes the Commonwealth's recommendation of a five year sentence. It seems to us reasonable to assume that Judge Paxton would remember a case in which his office reduced a murder charge to one of reckless homicide, said case occurring some seventeen months previously.

Further, K.R.S. 26A.015(2)(b) provides that a judge shall disqualify himself in any proceeding in which he or she had previously served as a lawyer in the matter in controversy.

While a probation or parole revocation is not part of a criminal prosecution, *Gagnon v. Scarpelli, supra,* 411 U.S. at 781, 93 S.Ct. at 1759, 36 L.Ed.2d at 661, we feel it is sufficiently related to the underlying criminal action as to present the appearance of impartiality which is "next in importance on to the fact itself." *Wells v. Walter,* Ky., 501 S.W.2d 259, 260 (1973). *See* also, *United States v. Amerine,* 411 F.2d 1130 (6th Cir. 1969) and *Jenkins v. Bordenkircher,* 611 F.2d 162 (6th Cir. 1979), wherein the Court dealt with the equivalent federal statute in situations similar to the instant case.

■ We find no merit in appellant's argument as to insufficient notice of the claimed parole violations. Appellant was present at the hearing, represented by counsel, and presented the testimony of three witnesses. The error, if any, was harmless. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

We need not consider appellant's last point on appeal because of the foregoing. This case is therefore reversed and remanded for a new hearing on revocation of probation before a special judge.

All concur.