**COMMONWEALTH of
Kentucky, Movant,**

v.

**Lonnie Joe CARTER, Respondent.**

Supreme Court of Kentucky.

Dec. 19, 1985.

David L. Armstrong, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for movant.

Sanford L. Berman, Louisville, for respondent.

GANT, Justice.

Lonnie Joe Carter was indicted by the Christian County Grand Jury for third degree burglary, first degree burglary, and for being a first degree persistent felony offender. Pursuant to agreement with the Commonwealth, he entered a plea of guilty to the third degree burglary charge, a plea of guilty to the reduced charge of second degree burglary, and a plea of guilty to the

first degree persistent felony charge. The recommendation of the Commonwealth was accepted, and Carter received the minimum sentence on each charge, the total of ten years to be served on the persistent felony offender in lieu of the other charges, again a minimum sentence.

The case before us is the result of a motion filed pursuant to RCr 11.42, seeking to set aside his sentence on several grounds, only one of which was considered by the Court of Appeals. We granted discretionary review to the Commonwealth as a consequence of the opinion of the Court of Appeals, which vacated the plea of guilty and granted a new trial.

■ The sole issue before us is the application of KRS 26A.015(2)(b), as it relates to this RCr 11.42 motion. The pleas of guilty above referred to were taken before Honorable J. Thomas Soyars, Judge of the Christian Circuit Court. It is undisputed that Judge Soyars was County Attorney of Christian County in 1973 and 1977, when Carter was sentenced on two previous convictions which were utilized to affix the status of persistent felony offender to him as defendant in the current proceeding. The statute in question, in relevant portion, reads:

**KRS 26A.015. Disqualification of judge or justice of Court of Justice; or Master Commissioner.**

(2) Any judge or justice of the Court of Justice or Master Commissioner shall disqualify himself in any proceeding:

(b) Where in private practice or government service he served as a lawyer or rendered a legal opinion in the matter in controversy....

It is our opinion that in relation to the motion before us under RCr 11.42 the fact that Judge Soyars was County Attorney at the time of the prior convictions in 1973 and 1977 does not affect his qualification to preside at the pleas of guilty herein for the simple reason that those convictions were not "the matter in controversy" as set out in KRS 26A.015(2)(b). There were two motions filed herein, one being a motion under CR 60.02 attacking the validity of the prior convictions, and the motion now before us. In respect to the former, where those convictions *were* the matter in controversy, the Court of Appeals held, in *Carter v. Commonwealth,* Ky.App., 641 S.W.2d 758 (1982), that Judge Soyars should have disqualified himself, and on remand the CR 60.02 motion was disposed of by a second judge; that disposition is not now before us. The matter which is before us is a simple plea of guilty to current charges, and the record discloses that those matters relating to the validity of the previous convictions were specifically preserved.

■ Carter calls to our attention the case of *Small v. Commonwealth,* Ky.App., 617 S.W.2d 61 (1981). However, the facts in that case are readily distinguishable. Therein, the presiding judge revoked shock probation in a case in which he had been Commonwealth Attorney at the time of sentencing and placing on shock probation, constituting a direct involvement with the matter in controversy.

In examining *Small, supra,* we note the following at p. 62:

The Commonwealth contends that failure to file a motion in the lower court that the judge disqualify himself constitutes waiver of the mandate of KRS 26A.015(2)(a). It is our opinion that any waiver of such right may be made under proper circumstances, either in writing or on the record, but will not be presumed from silence.

Although we continue to agree that waiver may be properly made as indicated therein, it is our opinion that proper procedure would be to place the burden of disqualification on the defendant who may belatedly contend that he was prejudiced, rather than upon the judge. We are cognizant that numerous trial and appellate judges and justices have roots which are embedded in the soil of the offices of Commonwealth Attorney and County Attorney. We do not conceive that the purpose of KRS 26A.015(2) is one which would permit a totally voluntary and even beneficial plea of guilty to be set aside on the ground that

the sitting judge has served as some elective official in a previous and unrelated case. To require the judge to recall all cases with which he was ever associated, many of which are of ancient vintage, simply defies logical reasoning. We therefore hold that, in those cases in which the party relies upon the failure of any justice or judge of the Court of Justice to disqualify himself under the provisions of KRS 26A.015(2)(b), it must appear from the record, either by motion or otherwise, that he was apprised of his connection with the matter in controversy. This is in accord with every principle of justice relating to preservation of error. Once brought to the attention of the judge or justice, compliance with KRS 26A.015(2)(b) is mandatory.

 To hold otherwise would be to declare that this statute requires a *per se* rule that even unknowingly a judge may never preside in a case where there has been any previous contact with a defendant, even in totally unrelated criminal charges. This we will not do. In the case of *Jenkins v. Bordenkircher*, 611 F.2d 162 (6th Cir.1979), that court refused to adopt a *per se* rule in federal habeas corpus proceedings and held in virtually identical circumstances that the participation of the judge who had been a former prosecutor did not constitute violation of due process. *See also Corbett v. Bordenkircher*, 615 F.2d 722 (6th Cir.1980).

Further, in the instant case, we are impressed with the fact that there was not even a possibility of prejudice. The defendant at the guilty plea received exactly what he bargained for, viz., the absolute minimum sentence prescribed by the statutes, and even had one count reduced. We are totally in accord with the Court of Appeals when they state that our courts must avoid even the appearance or taint of partiality in any proceeding. However, here there is not only no allegation of bias, prejudice or partiality; there is no possibility thereof. Under these circumstances, we can perceive no blemish, soil or stain upon the face of justice.

We do not pass upon the constitutionality of KRS 26A.015, as this issue was never raised before us. *Cf. Arnett v. Meade*, Ky., 462 S.W.2d 940, 946 (1971).

The Court of Appeals is reversed, and this case is remanded to that court for disposition of the other issues not originally disposed of.

All concur.