RENDERED: JULY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0265-MR

ABD'AL-AZEEZ JALAL HAKIM                  APPELLANT

APPEAL FROM MONTGOMERY CIRCUIT COURT
v.           HONORABLE DAVID A. BARBER, JUDGE
ACTION NO. 12-CR-00185

COMMONWEALTH OF KENTUCKY               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, ECKERLE, AND KAREM, JUDGES.

KAREM, JUDGE: Abd'al-Azeez Jalal Hakim ("Hakim"), *pro se*, appeals an order

of the Montgomery Circuit Court denying his request for relief pursuant to CR[1]

60.02. We affirm.

---

[1] Kentucky Rules of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

The Kentucky Supreme Court detailed the relevant background facts when it affirmed Hakim's underlying conviction. To wit, Hakim

> was arrested on June 21, 2012 for fleeing or evading police, driving on a license suspended for DUI third offense, and being a persistent felony offender in the first degree. [Hakim] was taken to the Montgomery County Regional Jail. Two months later, on August 17, 2012, [Hakim] stabbed fellow inmate, Gary Muncie, in the neck with a pencil.
>
> . . . .
>
> A Montgomery Circuit Court grand jury indicted [Hakim] on one count of criminal attempt to commit murder and for being a persistent felony offender in the first degree. During the trial, the Commonwealth called eleven witnesses to the stand, including Muncie, three Montgomery County Jail employees, and five inmates. After a three-day trial, a Montgomery Circuit Court jury found [Hakim] guilty of assault in the first degree and being a persistent felony offender in the first degree. The trial court sentenced [Hakim] in conformity with the jury's recommended sentence of thirty years imprisonment.

*Hakim v. Commonwealth*, No. 2013-SC-000376-MR, 2014 WL 2809878, at *1-2 (Ky. Jun. 19, 2014).

In 2016, Hakim began filing what would become a series of post-conviction motions to collaterally attack his conviction. His first attempt alleged

ineffective assistance of counsel pursuant to RCr[2] 11.42. Although the circuit court granted relief, this Court reversed and reinstated Hakim's conviction. In 2020, Hakim sought relief pursuant to CR 60.02, requesting his sentence be vacated to avoid contracting COVID-19 in prison. This Court dismissed the appeal on May 6, 2021, for Hakim's failure to file a timely brief. Just over two weeks later, Hakim filed another motion for relief pursuant to CR 60.02. Hakim "claimed that [the victim's] surgeon had given false testimony and that the Commonwealth failed to provide exculpatory evidence prior to trial. The trial court denied the motion[.]"[3] This Court affirmed.

Approximately eight months later, Hakim filed his third motion for relief pursuant to CR 60.02 alleging bias on the part of the prosecuting attorney. Specifically, Hakim alleged the prosecutor was involved with a woman whose child's grandfather, John McCarty, was related to Jordan McCarty, a witness for the Commonwealth. "The Commonwealth's Attorney's misconduct in dealings with Misty Helton who is the child's mother of [John] McCarty. [John] McCarty is a blood relative of Jordan McCarty[.]" Jordan McCarty was a witness for the Commonwealth and also testified at Hakim's RCr 11.42 hearing. The circuit court

---

[2] Kentucky Rules of Criminal Procedure.

[3] *See Hakim v. Commonwealth*, No. 2021-CA-0733-MR, 2022 WL 188066 (Ky. App. Jan. 21, 2022).

denied the motion without a hearing, finding that Hakim's "attempts to draw the recent mishaps of [the Commonwealth's Attorney] into his set of facts" was "a reach too far." This appeal followed.

## STANDARD OF REVIEW

In review of the circuit court's denial of Hakim's CR 60.02 motion, we ask whether the circuit court abused its discretion.

> The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."
>
> . . . .
>
> . . . The decision as to whether to grant or to deny a motion filed pursuant to the provisions of CR 60.02 lies within the sound discretion of the trial court. The rule provides that a court may grant relief from its final judgment or order upon various grounds. Moreover, the law favors the finality of judgments. Therefore, relief may be granted under CR 60.02 only with extreme caution and only under the most unusual and compelling circumstances.

*Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (citations omitted).

## ANALYSIS

Hakim is seeking relief under CR 60.02(b), which provides, in relevant part, that a court may "relieve a party or his legal representative from its final judgment, order, or proceeding" upon the grounds of "newly discovered evidence which by due diligence could not have been discovered in time to move

for a new trial under Rule 59.02" Hakim contends the "newly discovered evidence" relates to prosecutorial misconduct in the form of a connection between the Commonwealth's Attorney and a witness. It is necessary that we first briefly touch on what the circuit court described as the "mishaps" of the Commonwealth's Attorney. To wit, Ronnie Lee Goldy, Jr.:

> was the Commonwealth's Attorney for the 21st Judicial Circuit beginning January 1, 2013. In 2015 or 2016, he met Misty Helton when she was incarcerated in the Rowan County Detention Center. Goldy and Helton began a relationship. Goldy would communicate with Helton directly through text messages and social media, frequently requesting and receiving nude images and videos of Helton. In return, Goldy intervened on Helton's behalf in several criminal cases throughout his jurisdiction, and attempted to use his position to influence a criminal case in Clark County. Specifically, Goldy had multiple bench warrants recalled on Helton's behalf and agreed to change hearing dates.

> The Special Commissioner made findings of fact that:

> The evidence establishes probable cause to believe that Ronnie Lee Goldy, Jr., while serving as the Commonwealth Attorney for the 21st Judicial Circuit, engaged in personal communications with Misty Helton, a defendant in the 21st Judicial Circuit, regarding her various criminal cases. He discussed Ms. Helton's criminal matters with her directly without her counsel being present and clearly intervened on her behalf by having court dates moved or warrants recalled. In return for his actions,

> Mr. Goldy solicited nude pictures and
> videos from Ms. Helton.
>
> The Special Commissioner found that for a "period
> up to seven years" this conduct occurred, and that "Mr.
> Goldy abused his power by using his official position as
> Commonwealth's Attorney to provide Ms. Helton with
> assistance in criminal matters for her benefit while he
> expected and requested actions of a sexual nature from
> her for his benefit."

*Inquiry Commission v. Goldy*, 670 S.W.3d 829, 830 (Ky. 2023).

Goldy's law license was temporarily suspended. He was also impeached and removed from office by the Kentucky General Assembly. Goldy's troubles did not end there. He was recently convicted of numerous federal felony offenses and his law license is again suspended in Kentucky. *See In re Goldy*, 686 S.W.3d 250 (Ky. 2024).

Hakim asserts that a witness, Jordan McCarty, is related to the biological father of Misty Helton's child. He argues, with no factual support, that relationship somehow resulted in a relationship between McCarty and Goldy that influenced McCarty's testimony and whether he appeared at various hearings. Hakim's argument is without merit. Hakim's underlying crime took place in 2012, and he was convicted in 2013. According to *Inquiry Commission v. Goldy*, *supra*, Goldy did not meet Helton until 2015 or 2016, long after Hakim's conviction. Moreover, the nebulous "relationship" between Goldy and McCarty is speculative at best.

-6-

Hakim next argues the circuit court judge was biased in denying his CR 60.02 motion because the same judge was a witness in the proceedings against Goldy. Hakim asserts the judge should have recused for this reason. Hakim's argument is unpreserved. However, the Kentucky Supreme Court has ruled that "it should be noted that in regard to the argument regarding recusal, [an appellant] is not required to preserve the error as noted in *Commonwealth v. Carter,* Ky., 701 S.W.2d 409 (1985). *Also see Small v. Commonwealth,* [617 S.W.2d 61 (Ky. App. 1981)] in this regard." *Nichols v. Commonwealth*, 839 S.W.2d 263, 266 (Ky. 1992). Further, KRS[4] 26A.015(2)(a) states, in relevant part, that

> (2) Any justice or judge of the Court of Justice or master commissioner shall disqualify himself in any proceeding:
>
> (a) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings, or has expressed an opinion concerning the merits of the proceeding[.]

Hakim asserts the judge testified to the misconduct of Goldy. We can only assume Hakim's knowledge about any testimony of the circuit court judge in regard to Goldy was obtained from local and/or national news sources. Details of the judge's testimony do not appear in any published opinion from the Kentucky

---

[4] Kentucky Revised Statutes.

Supreme Court. Nevertheless, Hakim asserts that because the judge testified *against* Goldy, he displayed bias towards Hakim in his CR 60.02 proceedings. This argument is not only lacking in logic, but it also has no basis in fact or law. Even if we indulge Hakim's assertion that the circuit court judge testified against Goldy, it does not logically follow – and there are no facts to support – that this would make the same judge biased towards Hakim. The circuit court's conclusion that Hakim's attempt to argue a relationship between Goldy and McCarty was "a reach too far" to grant relief under CR 60.02 is not based in bias. Rather, it's based on Hakim's total lack of support beyond speculation.

Finally, Hakim argues the circuit court erred by not appointing counsel for his CR 60.02 motion. We disagree. While a court *may* appoint counsel, a defendant is not *entitled* to appointed counsel for CR 60.02 proceedings. *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983) (emphasis added).

Finally, we would be remiss if we did not point out that CR 60.02 should only be used to provide relief when the movant demonstrates why he or she is entitled to the special, extraordinary relief provided by the rule. *Gross*, 648 S.W.2d at 856. This is Hakim's third attempt to obtain relief under CR 60.02. Although he attempted to approach this motion under a new angle (*i.e.*, prosecutorial misconduct), his arguments are nevertheless completely without merit. We remind Hakim that "the judiciary's conciliatory attitude" towards *pro se*

litigants that file "repetitious and frivolous claims" is not without bounds. *Cardwell v. Commonwealth*, 354 S.W.3d 582 (Ky. App. 2011). Indeed, "a court may bar prospective filings to prevent the deleterious effect of such filings on scarce judicial resources." *Id.* at 584. Although we decline to do so at this time, we warn Hakim that such generosity may not be afforded in the future.

## CONCLUSION

For the foregoing reasons, the order of the Montgomery Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Abd'al-Azeez Jalal Hakim, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky